IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOMONIQUE V. WALKER, )
 )
              Petitioner, )
 )
v. )    Case No. 23-3226-JWL
 )
D. HUDSON, Warden, USP-Leavenworth,[1] )
 )
             Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that his aggregate sentence has not been properly calculated.[2] For the reasons set forth below, the Court **denies** the petition.

In December 2017, in the United States District Court for the Northern District of Illinois, petitioner was sentenced to a term of 108 months, based on his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In August 2021, in this district court, petitioner pleaded guilty to one charge of Hobbs Act robbery in violation of 18 U.S.C. § 1951, based on a plea agreement under Fed. R. Crim. P. 11(c)(1)(C) that included a proposed sentence of 145 months "to run concurrent" with

---

[1] The warden of petitioner's present place of confinement has been substituted as the proper respondent.

[2] Because petitioner is confined in this district, the case was transferred to this Court from the United States District Court for the Western District of Wisconsin.

petitioner's sentence imposed in the Northern District of Illinois. In December 2021, the court sentenced petitioner, based on that plea agreement, to a term of 145 months "to run concurrent" with the Illinois sentence. The Bureau of Prisons (BOP) aggregated those sentences to yield a total sentence of 192 months and 26 days.[3]

In July 2023, petitioner filed a motion in his Kansas criminal case pursuant to Fed. R. Crim. P. 36, asking the court to clarify that he should serve an aggregate term of 145 months, based on the fact that his 145-month sentence was to run concurrent with his other (shorter) federal sentence. On October 13, 2023, the court denied the motion, ruling that petitioner was improperly seeking a substantive modification of his sentence under Rule 36. As the basis for that ruling, the court concluded that the BOP correctly calculated petitioner's aggregate sentence.

On September 18, 2023, while the motion in his criminal case was still pending, petitioner filed the instant petition, in which he again challenges the BOP's calculation of his aggregate sentence. The Court ordered respondent to show cause why the petition should not be granted, and respondent filed an answer opposing the petition. The Court also set a deadline of December 13, 2023, for any traverse or reply in support of the petition, but petitioner has not filed any such document. The matter is therefore ripe for ruling.

In this case, petitioner repeats his argument that the BOP's calculation does not comport with his plea agreement and judgment that require his 145-month sentence to run concurrent with his previously-imposed 108-month sentence. The Court rejects this claim

---

[3] The BOP denied petitioner's administrative challenge to that decision.

for the reason that the BOP has correctly calculated petitioner's aggregate sentence. Petitioner seems to argue that his 145-month sentence should be deemed to have started running when his 108-month sentence did in 2017. As this Court has noted, however, "[t]he earliest time a sentence can commence is the date of imposition of the federal sentence." *See Tolbert v. Hudson*, 2021 WL 1966222, at *12 (D. Kan. May 17, 2021) (Lungstrum, J.) (citing cases), *aff'd*, 2021 WL 4932465 (10th Cir. Oct. 22, 2021) (unpub. op.); *see also Demartino v. Thompson*, 1997 WL 362260, at * 2 (10th Cir. July 1, 1997) (unpub. op.) ("Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)); *Price v. Hudson*, 2023 WL 4361210, at *2 (D. Kan. June 9, 2023) (Lungstrum, J.) (sentencing court had no power to order a sentence to run before the date of sentencing) (citing *Demartino*). Thus, in *DeMartino*, in rejecting a similar argument, the Tenth Circuit applied that rule as follows:

> A federal sentence made concurrent with a sentence already being served does not operate in a "fully concurrent" manner. Rather, the second sentence runs together with *the remainder* of the one then being served.

*See Demartino*, 1997 WL 362260, at *2 (emphasis in original) (quoting *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983)). This Court has similarly rejected this argument that a concurrent sentence somehow relates back to the beginning of the prior sentence. *See Isles v. Chester*, 2009 WL 1010553, at *5 (D. Kan. Apr. 15, 2009) ("Concurrent sentences normally mean that the sentence being imposed will run concurrently with the undischarged portion of a previously-imposed sentence.") (citing *Demartino*); *Agurre v. Terrell*, 2009 WL 982112, at *2 (D. Kan. Apr. 13, 2009); *see also Marquez-Silva v. Fox*,

2021 WL 4546949, at *2 (W.D. Okla. Aug. 17, 2021) (citing *Demartino* in rejecting the same argument), *report and recommendation adopted*, 2021 WL 4524188 (W.D. Okla. Oct. 4, 2021).

Moreover, petitioner does not receive credit against his 145-month sentence for time served prior to the date of sentencing because that time has been credited against his 108-month sentence. *See* 18 U.S.C. § 3585(b); *see also Demartino*, 1997 WL 362260, at *2; *Isles*, 2009 WL 1010553, at *5; *Agurre*, 2009 WL 982112, at *2; *Marquez-Silva*, 2021 WL 4546949, at *3.

Thus, when petitioner's 145-month sentence was imposed, he had already served a portion of his 108-month sentence, and the 145-month sentence therefore runs concurrent only with the unserved portion of the earlier sentence – yielding an aggregate sentence longer than 145 months, as the BOP calculated.[4]  In petitioner's criminal case, the court, in denying petitioner's motion, reached the same conclusion, and petitioner did not appeal or seek reconsideration of that ruling. Nor did petitioner file in this action a reply brief in which he might have addressed these issues. Accordingly, petitioner has not shown that the BOP aggregated his sentence incorrectly, and the Court therefore denies his petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

---

[4] Petitioner argues that his plea agreement should be honored. That agreement, however, proposed only a concurrent sentence of 145 months, and as discussed herein, such a sentence would run concurrent only with the unserved portion of the previously-imposed sentence.

IT IS SO ORDERED.

Dated this 12th day of January, 2024, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge